# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  CV 18-6324 MWF (SS) | Date: August 9, 2018 |
| | Page 1 of 4 |

Title: <u>Miguel A. Paredes v. Superior Court of California County of Los Angeles, et al.</u>

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST**

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| _Marlene Ramirez_ | _____None_____ | __None__ |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

    None Present                                          None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On July 13, 2018,[1] Miguel A. Paredes ("Petitioner"), a California state prisoner proceeding <u>pro se</u>, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.  The Petition, however, appears on its face to be completely unexhausted.

Petitioner is reminded that a state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999).  To satisfy the

---

[1] Under the "mailbox rule," a pleading filed by a <u>pro se</u> prisoner is deemed filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court.  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 270 (1988); <u>Anthony v. Cambra</u>, 236 F.3d 568, 574-75 (9th Cir. 2000).  Here, the Petition's Proof of Service indicates that Petitioner sent the Petition on July 13, 2018.  (Petition at 9).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 18-6324 MWF (SS)                    Date: August 9, 2018
                                                   Page 2 of 4

Title:     Miguel A. Paredes v. Superior Court of California County of Los Angeles, et al.

exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct the alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845. He must present his claim to the highest state court with jurisdiction to consider it or demonstrate that no state remedy remains available. See Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Here, Petitioner states that he did not appeal his conviction on direct review or seek collateral review of any of his claims in any state court. (Petition at 2-3). Therefore, Petitioner appears to be subject to dismissal due to Petitioner's failure to exhaust his claims in state court. Petitioner potentially has five available options:

**Option 1:** If, upon further reflection, Petitioner wishes to contend that all of his claims are exhausted, he should append to his response copies of any document, such as his state court briefs or petitions, establishing that each ground is exhausted. If Petitioner admits that he has not exhausted some or all of his claims, he must select one of the following options.

**Option 2:** Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Petitioner's convenience.** However, Petitioner is advised that any dismissed claims may later be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which states that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Option 3:** If Petitioner can show that he has exhausted some, but not all, of his claims, Petitioner may request a voluntary dismissal of any unexhausted claim and elect to proceed only on his exhausted claims. Petitioner may also use the attached Notice of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.    CV 18-6324 MWF (SS) | Date: August 9, 2018 |
| | Page 3 of 4 |

Title:     Miguel A. Paredes v. Superior Court of California County of Los Angeles, et al.

Dismissal form to select this option. However, Petitioner is advised that if he elects to proceed without the unexhausted claim(s), any future habeas claims that could have been raised in the instant Petition may be rejected as successive.

**Option 4:** Petitioner may request a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005). Pursuant to Rhines, the Court is empowered to stay all of the claims in a mixed or fully unexhausted petition while Petitioner returns to the state courts to exhaust any already pled, but unexhausted claim(s). See id. at 277-78; see also Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding that a Rhines stay is available for fully unexhausted petitions). To obtain a stay pursuant to Rhines, Petitioner is required to show good cause for his failure to exhaust any unexhausted claim(s) in state court and establish that each unexhausted claim is not "plainly meritless." See id. at 277.

**Option 5:** If Petitioner can show that he has exhausted some, but not all, of his claims, he may request a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Kelly applies only to "mixed" petitions. Pursuant to Kelly, Petitioner would have to dismiss any unexhausted claim(s), but the Court would be empowered to stay any remaining, fully exhausted claims while he returned to the state courts to exhaust the unexhausted claim(s). See id. at 1070-71. Petitioner is warned, however, that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely . . . [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, Petitioner may amend a new claim into a pending federal habeas petition after the expiration of the limitations period only if the new claim shares a "common core of operative facts" with the claims in the pending petition. Mayle v. Felix, 545 U.S. 644, 659 (2005).

Accordingly, the Court **ORDERS** Petitioner to file a response, within **fourteen (14) days** of the date of this Order, specifically stating which of the five options he wishes to pursue. To select Option One, Petitioner must file a declaration signed under penalty of perjury and attach copies of any documents establishing exhaustion of each of his five

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    CV 18-6324 MWF (SS) | Date: August 9, 2018 |
| | Page 4 of 4 |

Title:     Miguel A. Paredes v. Superior Court of California County of Los Angeles, et al.

claims. To select Options Two or Three, Petitioner may use **the attached Notice of Dismissal form** and fill it out according to his choice to dismiss either the entire action or only his unexhausted claims. To select Options Four or Five, Petitioner must file a declaration, signed under penalty of perjury, selecting a stay pursuant to either <u>Rhines</u> or <u>Kelly</u>. If Petitioner wishes to obtain a stay pursuant to <u>Rhines</u>, he must also set forth good cause for his failure to have exhausted any particular claim(s) and show why each unexhausted claim is not plainly meritless.

**Petitioner is expressly warned that failure to timely file a declaration or other response to this Order <u>will</u> result in a recommendation to the district judge that this action be dismissed with prejudice for his failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b)**.

The Clerk of the Court is direct to serve a copy of this Order upon Petitioner at his address of record.

MINUTES FORM
CIVIL-GEN                                                    Initials of Deputy Clerk m.r.