| | |
|---|---|
| Case No.    CV 18-6324 MWF (SS) | Date: August 5, 2019 |
| | Page 1 of 3 |

Title:    Miguel A. Paredes v. Superior Court of Cal., et al.,

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THIS ACTION BE DISMISSED WITH PREJUDICE FOR FAILURE TO PROSECUTE**

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| _Marlene Ramirez_ | _____None_____ | __None__ |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                                    None Present

**PROCEEDINGS:  (IN CHAMBERS)**

Effective July 13, 2018, Miguel A. Paredes ("Petitioner"), a California state prisoner proceeding pro se, constructively filed a habeas petition pursuant to 28 U.S.C. § 2254, raising five grounds for relief ("Petition").  (Dkt. No. 1).[1]  In the Petition, Petitioner indicated he did not appeal his conviction or seek collateral review of any of his claims in any state court.  (Petition at 2-8).

---

[1] "In determining when a pro se state or federal petition is filed, the 'mailbox' rule applies.  A petition is considered to be filed on the date a prisoner hands the petition to prison officials for mailing[,]" Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010); Houston v. Lack, 487 U.S. 266, 276 (1988), which in this case occurred on July 13, 2018.  (See Proof of Service by Mail attached to Dkt. No. 1).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.     CV 18-6324 MWF (SS)                          Date: August 5, 2019
                                                          Page 2 of 3

Title:       Miguel A. Paredes v. Superior Court of Cal., et al.,

On August 9, 2018, the Court issued an Order To Show Cause Why This Action Should Not Be Dismissed For Failure To Exhaust ("OSC"), which presented Petitioner with five possible options depending on whether he had exhausted state court remedies for all, some or none of his claims, and required Petitioner to inform the Court how he wished to proceed on the options presented to him. (Dkt. No. 5).

On August 23, 2018, Petitioner filed a Response to the OSC, which the Court interpreted as requesting a stay of federal proceedings so Petitioner could exhaust his state court remedies. (Dkt. Nos. 7-8). On January 7, 2019, the Court granted Petitioner a stay under Rhines v. Weber, 544 U.S. 269 (2005), and required Petitioner to "immediately file a state habeas petition, raising all unexhausted federal claims, if he has not already done so" and to file with the Court a Notice of Filing State Habeas Petition within thirty (30) days. (Dkt. No. 8 at 4 (emphasis omitted)). Additionally, the Court required Petitioner to timely file status reports beginning seventy-five (75) days from January 7, 2019, and continuing every forty-five (45) days thereafter, setting forth "the status of the state habeas petition and all activity that has occurred since the filing of the previous Status Report." (Id. at 5). Petitioner was also warned that "failure to file a Notice of Filing State Habeas Petition by the Court's deadline shall result in a recommendation that the stay be vacated and that Petitioner's request for a stay be deemed to have been denied as of the date of this Order" and "[f]ailure to file a required Status Report in accordance with this Order may result in a recommendation that this action be dismissed with prejudice for failure to prosecute and/or failure to comply with Court orders." (Id. (emphasis omitted)).

Despite the Court's warnings, Petitioner did not timely file a Notice of Filing State Habeas Petition in this Court. Nor has Petitioner ever filed a Status Report in this action. Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** within fourteen (14) days of the date of this Order why this action should not be dismissed with prejudice for failure to prosecute. Plaintiff may discharge this Order by filing a Notice of Filing State Habeas Petition in accordance with the Court's January 7, 2019 Order (Dkt. No. 8) **and** filing a status report setting forth the status of any habeas corpus petitions Petitioner has filed in state court related to the five grounds for relief Petitioner raised in this action. The status report shall be titled "Status Report Re: Petitioner's State Habeas Petition." Petitioner shall

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    CV 18-6324 MWF (SS)                    Date: August 5, 2019
                                                   Page 3 of 3

Title:      Miguel A. Paredes v. Superior Court of Cal., et al.,

attach to the Status Report a current copy of the relevant state court docket sheet as well as copies of any orders or decisions the state court has issued regarding Petitioner's attempt to exhaust in state court the five grounds for relief raised in Petitioner's federal Petition.

**Petitioner is expressly warned that failure to timely file a response to this OSC may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**

The Clerk of the Court is directed to serve a copy of this Order upon Plaintiff at his address of record.

IT IS SO ORDERED.